IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

     Petitioner,                       No. CIV S-09-0338 KJM EFB P

    vs.

D.K. SISTO, Warden, et al.,

     Respondents.               <u>FINDINGS AND RECOMMENDATIONS</u>

         Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss on the grounds that his claims are not cognizable on federal habeas review. *See* Dckt. No. 21. Petitioner has filed an opposition, *see* Dckt. No. 28, and has also filed an "ex parte motion for summary judgment." Dckt. Nos. 19, 22.

         Petitioner alleges he was placed in the administrative segregation unit of his prison in violation of his federal due process rights. He contends that prison officials failed to mitigate his security housing unit (SHU) term, and improperly interpreted the state regulations regarding the term. *See* Pet., Dckt. No. 1 at 1-3. Petitioner has now been released from prison on parole. *See* Resps.' Mot. to Dism. at 2, Pet'r's Opp'n at 1.

////

Respondents argue that because petitioner has served his SHU term and has been released from prison, his claim is not cognizable on federal habeas review. Petitioner responds that because he is still on parole, he is still in state custody and his claims are therefore cognizable. For the following reasons, the undersigned recommends that the petition be dismissed as moot.

A case is moot when it no longer presents a case or controversy. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). A habeas petition challenging an underlying conviction is not always moot simply because, subsequent to its filing, petitioner has been released from custody. *Id.* But such a suit is moot unless some collateral consequence of conviction exists. *Id.* There is no presumption of collateral consequences due to prison disciplinary proceedings. *Id.* at 480. *See also Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002) (holding that a habeas challenge to a loss of good time credits is rendered moot by one's release from custody where the discipline had no collateral consequences that followed release).

In *Wilson*, the petitioner argued in part that due to the rules violation report, he would be less likely to be paroled. *Id.* at 481. The Ninth Circuit held that, as petitioner did not deny the misconduct upon which the disciplinary proceedings were based, and the parole board would consider the underlying conduct rather than to the rules violation report itself, the petitioner had failed to allege any collateral consequences stemming from his prison disciplinary conviction sufficient to meet the case-or-controversy requirement. *Id.* at 481-82.

Similarly, petitioner in this case has failed to allege any collateral consequences stemming from the prison disciplinary proceedings. He has not denied the underlying misconduct. Although petitioner states that he is still in state custody because he is on parole, this is not a collateral consequence of the prison disciplinary proceedings because the parole board would consider the underlying misconduct rather than merely the outcome of the disciplinary proceedings. Moreover, the court cannot engage in the speculation that petitioner might have been granted parole sooner had the disciplinary proceedings gone differently. As

noted in *Wilson*, "the importance attached to any circumstance...is left to the judgment of the [parole] panel." 319 F.3d at 482. Thus, the court cannot afford any relief to plaintiff, and the case is moot.

Petitioner has also filed a motion for summary judgment. As the case should be dismissed, the motion should be denied.

Accordingly, it hereby is RECOMMENDED that:

1. Petitioner's "ex parte motion for summary judgment" be denied;

2. Petitioner's "motion to renew ex parte motion for summary judgment" be denied;

3. Respondents' motion to dismiss be granted; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE